Dear Ms. Glasper:
Reference is made to your request for reconsideration of Attorney General's Opinion No. 01-140, recently issued to you by this office. One of the issues addressed in that opinion was the constitutionality of monthly contributions by the Madison Parish Police Jury to the Hermoine House Museum.
In that opinion, we made the presumption that the Hermoine House Museum was a private entity, as you indicated that the Museum had no affiliation with the Police Jury. Pertinently, Opinion No. 01-140 provides:
 "With regard to the Hermoine House Museum, we note that your letter indicates it is a private entity. You did not indicate that the Museum provides any services to or on behalf of Madison Parish. As such, although we are sure the Museum is an asset to the Parish, it is our opinion that the provision of a monthly stipend to this entity would violate La. Const. Art. VII, Sec. 14. Of course, if we are incorrect and the museum will be providing a service on behalf of the Parish, then such funding would be in the nature of a constitutionally sanctioned cooperative endeavor."
In your request for reconsideration of Opinion No. 01-140, you stated that the Hermoine House Museum:
 . . . is a public, 501 C entity, not a private entity Additionally, the Hermoine House Museum was created by the Madison Parish Tourism Commission and serves the community by promoting tourism within Madison Parish."
In light of this information, you requested an opinion regarding the permissibility of the contribution to the Hermoine House Museum.
Before addressing your request for reconsideration, we must address your statement that the Hermoine House Museum is a "public, 501 C entity". As we discussed by phone, the undersigned believes you are referring to a non-profit entity that has been granted federal tax-exempt status in accordance with 26 U.S.C. § 501(c)(3). As further indicated to you by phone, in the undersigned's experience, entities granted this tax-exempt status are private, not public entities, although they often serve a public purpose. We are not, however, in a position to opine upon issues of federal law, and you indicated that you could shed no further light on the Museum's status. In any event, the Museum's status as a public or private entity does not change the outcome of our opinion regarding the constitutionality of contributions to that entity by the Madison Parish Police Jury.
It remains our opinion that the Madison Parish Police Jury should not provide funding to the Hermoine House Museum if the Museum does not provide governmental services to or on behalf of the Parish. Of course, as stated in Opinion No. 01-140, if the museum " will be providing a service on behalf of the Parish, then such funding would be in the nature of a constitutionally sanctioned cooperative endeavor."
Since this office is not a finder of fact, we can only provide the Madison Parish Police Jury and other governmental entities with our opinion as to the law that applies to the questions presented for our review. The decision as to whether any entity provides governmental services to or on behalf of Madison Parish such that the entity deserves funding from the Parish must ultimately be made by the Police Jury.
We trust the foregoing to be of assistance to you.
 Yours very truly, RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv
DATE RELEASED: August 9, 2001